1  RANDY S. GROSSMAN
   United States Attorney
2  MARIO J. PEIA
   Assistant U.S. Attorney
3  California Bar No.: 307503
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101
5  Tel: (619) 546-9706
   Fax: (619) 546-0510
6  Email: mario.peia@usdoj.gov

7  Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | Case No. 21-CR-2547-AJB |
|---|---|
| Plaintiff, | **UNITED STATES' STATUS REPORT AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO: (1) COMPEL DISCOVERY; (2) PRESERVE EVIDENCE; AND (3) GRANT LEAVE TO FILE FURTHER MOTIONS** |
| v. | |
| JUSTIN BARRY CLEMENS, | |
| Defendant. | |
| | Date: February 28, 2022<br>Time: 9:00 a.m. |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Randy S. Grossman, United States Attorney, and Mario J. Peia, Assistant United States Attorney, and hereby files its Status Report and Response in Opposition to the above-referenced motions.

**I.**

**STATEMENT OF THE CASE**

On March 3, 2021, the United States charged Justin Barry Clemens ("Defendant") by Complaint with multiple counts of Bank Robbery and Attempted Bank Robbery, in violation of 18 U.S.C. § 2113(a). Defendant, who was in state custody

at the time, was brought to federal custody via a writ, and initially appeared on August 5, 2021. On September 2, 2021, Defendant waived indictment and the United States filed an Information charging Defendant with charges that mirrored the Complaint. Defendant pleaded not guilty at arraignment. On November 30, 2021, Defendant was appointed new counsel. A motion hearing is set for February 28, 2022 at 9:00 a.m. This Status Report and Response in Opposition is filed in anticipation of that hearing.

## II.
## STATEMENT OF FACTS

A statement of facts appears in the Complaint filed as Docket Number 1. To briefly summarize, on December 17, 2020, Defendant robbed the Chase Bank located at 348 South Twin Oaks Valley Road, San Marcos, California. Upon approaching the teller station, Defendant handed a note to the teller which said something to the effect of, "Give me all the 50's and 100's in your drawer and give me the note back." Defendant robbed the bank of approximately $1,000.

On December 23, 2020, Defendant robbed the Banc of California located at 1642 W. San Marcos Blvd., San Marcos, California. Defendant approached a bank teller and handed over a note that said something to the effect of, "Give me all the 50's and 100's and return the note." The teller provided the suspect with approximately $2,700 and returned the note.

On January 6, 2021, Defendant attempted to rob the First Citizens Bank located at 360 W. Grand Avenue, Escondido, California. Defendant entered the bank, approached a bank employee, and produced a demand note for money stating something to the effect of, "Give me all the 50's and 100's and there won't be problems." The employee told Defendant that he (the bank employee) was unable to access any cash, so Defendant patted his pocket stating, "don't make this any more difficult than it needs to be." The bank employee repeated himself and said he could not access any money, but that Defendant could wait for another employee to return. Defendant said, "You're

gonna make me wait? Are you fucking kidding me?" and fled the bank on-foot eastbound through the parking lot.

On January 11, 2021, Defendant robbed the Frontwave Credit Union located at 670 W. San Marcos Blvd., San Marcos, California. Defendant entered the Credit Union and approached a teller station. When the teller asked him to wait, he ignored her, approached her station, and presented a handwritten demand note in black ink and sloppy handwriting that stated something to the effect of, "Pay to: Citizen No one has to get hurt. Give me all your $50's and $100's from the drawer. Give me back the note." The teller provided Defendant with approximately $1,500 dollars. Defendant fled the bank with the demand note.

On February 16, 2021, Defendant attempted to rob the Chase Bank located at 326 W. El Norte Pkwy., Escondido, California. Defendant entered the bank and presented a handwritten demand note on a folded check-sized piece of paper. The note was written in bright orange ink and stated, "Return this note to me Don't try anything risky Sorry to do this but I NEED all the 50's + 100's out of your drawer. Quickly Quietly Pay to the order of: Citizen." The teller took the note behind the safety barrier and walked away from Defendant, who stated something to the effect of "Give me my check back." Defendant also told the branch manager something to the effect of, "tell her to give me my check back." The bank staff did not respond to Defendant, and they retained the demand note. Defendant fled the bank on-foot carrying a skateboard.

In summary, Defendant was identified through fingerprints from the demand note recovered from the February 16, 2021 attempted robbery, surveillance video, and recovered clothing and items found pursuant to a residential and vehicle search warrant.

## III.

## STATUS REPORT AND OPPOSITION TO MOTIONS

### A. Rule 16.1 Status Report

Pursuant to Rule 16.1 and Local Rule 16.1a, the parties have discussed discovery, and the United States has responded to Defendant's requests. At this point, additional

discovery requests may develop as defense counsel has had more time to review discovery, and the United States will respond to the specific requests. To date, the United States has produced approximately 760 pages and 1.03 gigabytes of discovery to Defendant. This discovery includes: FBI reports, reports from the local police departments, photographs from the banks, photographs from the search warrants, videos from the banks, results relating to the fingerprint analysis, jail calls, an interview with Defendant, Defendant's criminal history rap sheets, a copy of the warrants generated in this case, and cell tower records.

**B.     Motion to Compel Discovery**

As to exculpatory information, the United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and will comply. The United States will also produce any evidence of bias/motive and impeachment or criminal investigation of any of its witnesses of which it becomes aware. An inquiry pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses in its trial memorandum. The United States has provided information within its possession or control pertaining to the Defendants' prior criminal histories. If the United States intends to offer any evidence under Rule 404(b) of the Federal Rules of Evidence, it will provide notice promptly to Defendant in accordance with Federal Rules of Evidence 404(b)(2). The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

However, the United States objects to providing Defendants with a copy of any handwritten notes of government agents summarizing oral statements made by defendant. *See* Def. Mot., Dkt. No. 23, p. 2–3 (request "2"). FED. R. CRIM. P. 16(a)(1)(A) does not require disclosure of such rough notes where the content of those notes has been accurately reflected in a type-written report. *See United States v. Brown*, 303 F.3d 582, 590 (5th Cir. 2002); *United States v. Coe*, 220 F.3d 573, 583 (7th Cir.

2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report).

The United States also objects to the production of any rough notes because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness's assertions and they have been approved or adopted by the witness. *See* Def.'s Mot. at 2–3 (request "2"). *See also United States v. Alvarez*, 86 F.3d 901, 906 (9th Cir. 1996); *United States v. Bobadilla-Lopez*, 954 F.2d 519 (9th Cir. 1992). Moreover, the production of agents' notes is not required under Rule 16 because the United States has already provided "defendant with copies of the formal interview reports prepared therefrom." *United States v. Griffin*, 659 F.2d 932, 941 (9th Cir. 1981). Finally, the United States considers the rough notes of its agents to be work product, which FED. R. CRIM. P. 16(a)(2) specifically exempts from disclosure. If new reports are generated as a result of this ongoing investigation, the United States will promptly produce them to Defendant.

In sum, the United States has already produced a substantial amount of discovery in this case, which pertains to both the discovery produced in direct response to the robberies, and the materials produced in the subsequent investigation.

## C. Motion to Preserve Evidence

The United States respectfully requests that no orders compelling specific discovery or preservation of evidence be made at this time.

## D. Motion for Leave to File Further Motions

The United States does not oppose the filing of additional motions so long as those motions are based upon newly-produced discovery or newly-obtained evidence and the United States is given an opportunity to respond.

//
//
//
//

# IV.
# CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant's motions be denied where opposed.

DATED: February 11, 2022

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

/s/*Mario J. Peia*
MARIO J. PEIA
Assistant United States Attorney